UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RHONDA DENISE THEUS, | Case No. 15-14285 |
| Plaintiff, Third-Party Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| INTERNAL REVENUE SERVICE | Stephanie Dawkins Davis |
| CRIMINAL INVESTIGATION DIVISION, | United States Magistrate Judge |
| Defendant, Third-Party Plaintiff, | |
| GREEN PLANET SERVICING, LLC, | |
| Third-Party-Defendant. | |
| _____/ | |

### REPORT & RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR EMERGENCY STAY OF COMPLAINT [DKT. 6]

**I.     PROCEDURAL HISTORY**

On December 9, 2015, plaintiff Rhonda Denise Theus filed a third party complaint and summons against Green Planet Servicing, LLC.[1] (Dkt. 1). Less than one month later, on January 4, 2016, Planet Home filed a motion to dismiss arguing that Theus fails to state a plausible claim under Fed. R. Civ. P. 12(b)(6), and that Theus' complaint must be dismissed because the doctrines of *res judicata* and collateral estoppel bar her claims. (Dkt. 4). On January 5, 2016, District

---

[1] In its motion to dismiss, Green Planet Servicing, LLC indicated that it had changed its name to Planet Home Lending, LLC ("Planet Home") (Dkt. 4, Ex. 1).

Judge David M. Lawson referred all pretrial matters to the undersigned. (Dkt. 5). On January 12, 2016, plaintiff filed a motion for an emergency stay of the complaint. (Dkt. 6).

For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Emergency Stay of the Complaint (Dkt. 6) be **DENIED**.

## II.   FACTUAL BACKGROUND

In its motion to dismiss (Dkt. 4), Planet Home discusses a lengthy litigation history between the parties. The undersigned will provide a brief summary here.

### A.   The Mortgage and Loan

On May 25, 2011, plaintiff took a loan from Anderson Financial Group, Inc. in the amount of $259,487,00.00 ("the Loan"), to finance the purchase of real property commonly known as 55671 Estates Lane, Macomb, Michigan 48042-1868 ("the Property"). On the same day, as security for the Loan, plaintiff conveyed a mortgage interest ("the Mortgage") in the Property to Mortgage Electronic Registration Systems ("MERS") as sole nominee for Anderson Financial Group, Inc., recorded on June 9, 2011, in the Macomb County Records. The Mortgage was subsequently assigned to Third-Party Defendant Green Planet Servicing, LLC, now known as Planet Home.

### B.   Default, Acceleration and Foreclosure

After plaintiff defaulted on her payment obligations under the Note and

Mortgage, on or about November 6, 2013, Selene Finance LP, a previous assignor of the Mortgage, sent a notice of the default and intent to accelerate to plaintiff. According to Planet Home, plaintiff did not take advantage of any of the options made available to her at that time, nor did she cure the default by the required date. Consequently, the mortgage payments were accelerated.

On or about January 2, 2014, Selene Financial LP mailed a pre-foreclosure notice to plaintiff which was "returned to sender." On February 24, 2014, Selene assigned the Mortgage to Planet Home and after plaintiff failed to cure her default, Planet Home commenced foreclosure proceedings pursuant to MCL § 600.3201, *et seq.* In the end, the Macomb County Sheriff conducted a foreclosure sale on March 28, 2014. At the foreclosure sale, Planet Home was the highest bidder and was issued a Sheriff's deed. At this point, it is believed that plaintiff, by way of quit claim deed, conveyed the Property to the Federal Reserve Bank of Fite & Co. Holdings ("Fite & Co.") right before the redemption period expired on September 28, 2014. Plaintiff failed to redeem within the statutory period.

    C.    <u>Litigation</u>

On March 27, 2014, Fite & Co. sued Selene Finance LP and Green Planet Servicing, LLC in the Macomb County Circuit Court in an action to quiet title to the Property. (Dkt. 4, Ex. 2). On April 28, 2014, the Macomb County Circuit Court dismissed Fite & Co.'s complaint without prejudice. (Dkt. 4, Ex. 3).

On July 24, 2014, plaintiff filed a complaint in the United States District Court for the District of Columbia against Selene Finance LP, a non-party to this case and previous assignor to the Mortgage. According to the District Court, plaintiff seemed to contend that she was entitled to $281.000.00 in damages from one or both defendants because of fraudulent acts she contends were committed with respect to the foreclosure. (Dkt. 4, Ex. 6). On April 14, 2015, the District Court for the District of Columbia dismissed plaintiff's complaint for lack of subject matter jurisdiction and because plaintiff had failed to state a claim. (Dkt. 4, Ex. 5). On July 31, 2014, Fite & Co. filed a notice of lis pendens with the Circuit Court of Macomb County, which was recorded on October 10, 2014. After the redemption period expired, Planet Home filed a summary proceedings action on November 10, 2014 in the 41-A District Court to recover the Property. The District Court ultimately issued a judgment of possession in favor of Planet Home on January 21, 2015, giving plaintiff until February 2, 2015 to vacate the Property. (Dkt. 4, Ex. 6). On January 30, 2015, plaintiff filed a claim of appeal to the Macomb County Circuit Court appealing the 41-A District Court's entry of judgment of possession in favor of Planet Home. Plaintiff failed to appear at multiple hearings and ultimately the court granted Planet Home's verbal motion to dismiss, noting in its Order that plaintiff had failed to appear personally a third time since the appeal was filed. (Dkt. 4, Ex. 7). Plaintiff then attempted to file a

claim of appeal of the Macomb County Circuit Court's order to the Michigan Court of Appeals, which was dismissed as the claim of appeal was jurisdictionally defective. On August 20, 2015, plaintiff filed a delayed application for leave to appeal. Planet Home answered on September 25, 2015. As of the date of Planet Home's instant motion to dismiss (January 4, 2016), the Michigan Supreme Court had not ruling on the delayed application.

On November 4, 2015, Planet Home filed a motion for issuance of immediate order of eviction in the 41-A Judicial District Court which was granted in part and denied in part on November 30, 2015. The Order of Eviction ordered that an Order of Eviction shall issue on or after December 14, 2015, but that all funds being held in escrow would remain in escrow until further order of the court.

On December 9, 2015, plaintiff filed the current "Third-Party Complaint" in this Court. (Dkt. 1). On January 4, 2016, defendant Planet Home moved to dismiss the complaint in its entirety. (Dkt. 4). On January 12, 2016, plaintiff filed an emergency motion to stay the complaint. (Dkt. 6).

### III.   PARTIES' ARGUMENTS

#### A.   <u>Plaintiff's Emergency Motion to Stay Complaint</u>

In her emergency motion to stay the complaint, plaintiff appears to ask this court to "suspend the scheduled eviction" signed by the Judge of the 41-A Judicial District Court. (Dkt. 6, at Pg. ID 140). Plaintiff also appears to question Planet

Home's ownership interest in the Property and requests proof of same. (*Id*.) Plaintiff avers that the Mortgage Note proffered by Planet Home was fraudulent in nature and based on lack of full disclosure. (*Id*. at Pg. ID 141). Plaintiff specifically claims that she believes that Planet Home cannot show that it has financed the Mortgage Note to claim ownership of the Property. (*Id*. at Pg. ID 142).

Plaintiff asks the court to stay the complaint and require Planet Home to execute the following: 1) proof that the Property is owned by Planet Home; 2) Mortgage Note must show that plaintiff's consumer credit (signature) did not provide financing; (3) absent plaintiff's signature on the Note, proof that financing of the Property took place; and (4) plaintiff's signature did not create "debt" or "money" to pre-pay mortgage principal. (*Id*. at Pg. ID 143).

B.  Defendants' Motion to Dismiss

Importantly, Defendant Planet Home has filed a Motion to Dismiss in this matter, the likely outcome of which bears direct implication on Plaintiff's prayer for relief here. In its motion Defendant Planet Home asserts three independent reasons why plaintiff's complaint should be dismissed. First, Planet Home says that the third-party complaint is improperly filed and must be dismissed or stricken. (Dkt. 4, at Pg. ID 75-76). In support, Planet Home argues that the IRS has not been served a copy of the summons and complaint. Further, if the IRS

6

were indeed a third-party plaintiff, then the IRS would have had to file a complaint against Planet Home in order for Planet Home to become a third-party defendant. Consequently, Planet Home posits that plaintiff does not have the legal right to name Planet Home a third-party defendant when the IRS was the named defendant in her complaint. *See* Fed. R. Civ. P. 14(a)(3) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty ..."). This is an improper filing as it is not a third-party complaint and therefore must be dismissed or stricken. As such, Planet Home asks the court to treat the complaint as filed against two defendants (IRS and Planet Home) and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, if the court considers the complaint as against Planet Home as a third-party defendant, Planet Home asks that the court strike the third-party claim against it pursuant to Fed. R. Civ. P. 14(a)(4) for being improperly filed.

    Second, Planet Home argues that the complaint should be dismissed under Fed. R. Civ. P. 8(a)(1) because the complaint fails to make a statement as to this court's jurisdiction. In fact, the complaint says the opposite: "This court lacks subject matter jurisdiction to offset the claims made herein as 'Payment' by non-commercial matters." (Dkt. 1, at Pg. ID. 2). Additionally, Planet Home avers that the complaint is unintelligible and that it is impossible to discern what claims and allegations are made against it in contravention of Fed. R. Civ. P. 8(a)(2). Planet

Home argues that plaintiff has not provided it with a "clear and plain statement" of the claims as required by Fed. R. Civ. P. 8(a)(2). *Agee v. Wells Fargo Bank*, 2010 WL 1981047, *2 (E.D. Mich. 2010) ("As has been recognized by our circuit and others, despite the liberal pleading requirements for pro se litigants, it is not the role of the court to guess the nature of the claim(s) asserted.).

Planet Home's third stated grounds for dismissal is that plaintiff's arguments are barred by the doctrines of *res judicata* and collateral estoppel. (Dkt. 4, at Pg. ID 78-82). Planet Home asserts that plaintiff has had numerous opportunities to bring her claims against it and its predecessors in interest: 1) the Macomb County Circuit Court case; 2) the United States District Court for the District of Columbia case; 3) and the 41-A Judicial District Court case together with its subsequent appeals. Planet Home argues that each of the aforementioned cases resulted in a final decision on the merits. Moreover, Planet Home argues that it is undoubtedly in privy with Selene Finance LP as the successive interest holder in the Property. Finally, while difficult to discern here, any claims plaintiff has could have and should have been raised in each of the previous aforementioned cases. Thus, *res judicata* precludes plaintiff from bringing any claims resulting from the same transaction or occurrence already brought in the previous actions.

The doctrine of collateral estoppel also precludes the relitigation of an issue

8

in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually litigated and determined in the prior proceeding. *Porter v. Royal Oak*, 214 Mich. App. 478, 485, 542 N.W.2d 905 (1995). In *Estes v. Titus*, 481 Mich. 573, 585, 751 N.W.2d 493 (2008), a proponent of collateral estoppel must show: (1) that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment; (2) the same parties had a full and fair opportunity to litigate the issue; and (3) there was mutuality of estoppel. As to the first element, it is presumable that plaintiff is seeking the same relief she has sought in previous cases, although her complaint here does not appear to be seeking relief from Planet Home. As to the second element, although plaintiff's present complaint is difficult to decipher, what is clear is that plaintiff has had many opportunities to fully and fairly litigate her claims. As for the third element, Planet Home is undeniably in privy with Selene Finance LP a party to the District of Columbia case where any judgment would have been binding toward it. For these reasons, Planet Home contends that plaintiff is asking the court to relitigate issues on which the parties have already received a binding judgment and therefore plaintiff's complaint must be dismissed.

## IV. LEGAL ANALYSIS & CONCLUSIONS

### A. Standard of Review

In determining whether injunctive relief is proper, the court considers four factors: (1) whether plaintiff has a strong likelihood of success on the merits; (2) whether plaintiff has shown irreparable injury; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."). Plaintiff bears the burden of demonstrating her entitlement to a preliminary injunction, and her burden is a heavy one because injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Indeed, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *see also McNeilly v. Land*,

684 F.3d 611, 615 (6th Cir. 2012) ("The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion because a preliminary injunction is an extraordinary remedy."). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). Because of this, courts have identified three types of particularly disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits." *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005). Motions seeking such preliminary injunctive relief must be more closely scrutinized than the already-disfavored motion for preliminary injunction which seeks to maintain the status quo. *See id.*

    B.    <u>Legal Analysis</u>

Plaintiff asks this court for an emergency stay of her complaint, but in essence she is asking for injunctive relief to halt her eviction from the Property at issue. As noted above, plaintiff carries a heavy burden with respect to seeking preliminary injunctive relief. Despite this heavy burden, plaintiff has failed to offer <u>any</u> reasoned explanation as to why she is entitled to this extraordinary form

of relief. Instead, it appears that plaintiff has left it to the court to craft her argument to maintain possession of the Property while her federal claims are pending. Despite the absence of reasoned arguments from plaintiff in favor of injunctive relief, the undersigned has attempted to assess the four *Tumblebus* factors to determine whether plaintiff is entitled to injunctive relief here.

With respect to the first factor, the undersigned concludes that plaintiff has failed to show that she has a strong likelihood of success on the merits. To begin with, plaintiff questions the issue of jurisdiction - admitting that this court lacks subject matter jurisdiction. Moreover, to the extent the undersigned is able to discern plaintiff's claims, it appears that they have been previously adjudicated by the Michigan state courts - a fact which precludes their adjudication here. The *Rooker-Feldman*[2] doctrine prohibits federal courts, other than the United States Supreme Court, from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). The Supreme Court has explained that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by

---

[2] The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

state-court losers complaining of injuries caused by state-court judgments ... and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

The undersigned also agrees with defendant Planet Home that the complaint fails to give Planet Home a fair notice of the claims asserted such to enable it to answer and prepare defenses for trial in violation of Rule 8. Plaintiff's failure to provide fair notice of her claims further undermines the likelihood of her prevailing on the merits. Each of these factors weigh heavily against plaintiff's request for injunctive relief.

Plaintiff has also failed to delineate any reasons as to why she will be irreparably injured. She has neither provided information concerning the availability of other living arrangements, nor any efforts she may have made in that regard. Moreover, it appears to the undersigned that 41-A Judicial District Court entered a judgment of possession in favor of Planet Home on January 21, 2015, giving plaintiff until February 2, 2015 to vacate the Property. (Dkt. 4, Ex. 6). Plaintiff appealed that decision to the Macomb Circuit Court, to the Michigan Court of Appeals, and the issue is currently pending as a delayed application for leave to appeal to the Michigan Supreme Court. (Dkt. 4, Ex. 7). As noted above, however, the *Rooker-Feldman* doctrine prohibits this court from exercising

appellate jurisdiction over these decisions.

Conversely, the undersigned concludes that issuance of an injunction would arguably harm Planet Home inasmuch as it has been deemed to be the rightful owner of the Property by the Michigan state courts, and an injunction would render it unable to control and make decisions about said Property as it deems appropriate. Similarly, the public interest would be ill-served in issuing injunctive relief as it would not promote comity between the federal and state courts.

**V.     RECOMMENDATIONS**

For the above stated reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Emergency Stay of the Complaint (Dkt. 6) be **DENIED**. The court notes that defendant Planet Home's motion to dismiss (Dkt. 4) is still pending and a briefing schedule will be set to allow plaintiff the opportunity to fully respond.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not

preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 14, 2016                         s/Stephanie Dawkins Davis
                                               Stephanie Dawkins Davis
                                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on January 14, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Rhonda Denise Theus at 55671 Estates Land, Macomb, MI 48042.

                                                s/Tammy Hallwood
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov