UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA DENISE THEUS,

Plaintiff, Third-Party Plaintiff,
v.

INTERNAL REVENUE SERVICE
CRIMINAL INVESTIGATION DIVISION,

Defendant, Third-Party Plaintiff,

GREEN PLANET SERVICING, LLC,

Third-Party-Defendant.
_____________________________________/

Case No. 15-14285

David M. Lawson
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND MOTION TO DISMISS (Dkt. 4)**

## I. PROCEDURAL HISTORY

Plaintiff, acting *pro se*, filed this lawsuit on December 9, 2015. (Dkt. 1). On January 4, 2016, third-party defendant Green Planet Servicing, LLC filed a motion to dismiss. (Dkt. 4). On January 5, 2016, District Judge David M. Lawson referred all pretrial matters to the undersigned, including the motion to dismiss. (Dkt. 5). On January 12, 2016, plaintiff moved for an emergency stay of the complaint, which the undersigned recommended be denied. (Dkt. 6, 7). On February 2, 2016, Judge Lawson adopted this Court's report and recommendation denying plaintiff's motion to stay the complaint. (Dkt. 8). On March 25, 2016,

the undersigned ordered plaintiff to file a response to defendant Green Planet's motion to dismiss by April 18, 2016. (Dkt. 9). The order noted in bold print that failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party. *Id*. Plaintiff failed to file a timely response to the motion to dismiss.

Subsequently, the Court issued an order requiring plaintiff to show cause in writing, by May 31, 2016, why this matter should not be dismissed for failure to prosecute. (Dkt. 10); *see cf.*, *Watsy v Richards*, 1987 WL 37151 (6th Cir. 1987) (A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.). Plaintiff was again warned, in bold print, that failure to timely or adequately respond in writing to the order to show cause or timely file a response to the motion would result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b). (Dkt. 10). As of the date of this report and recommendation, plaintiff has failed to respond to the show cause order, file a response to the pending motion, or otherwise contact the Court.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion to dismiss (Dkt. 4) be **TERMINATED** as **MOOT**.

## II. ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these

> rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to

prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Consequently, the undersigned concludes that plaintiff's repeated failures to respond to the motion to dismiss also amount to abandonment for the purpose of this analysis. *Brown v. VHS of Mich., Inc*., 545 Fed. Appx. 368, 372 (6th Cir. 2013) (A plaintiff is deemed to have abandoned a claim when he fails to address it in response to a motion for summary judgment.). Thus, the first

and second factors weigh in favor of dismissal.

Moreover, based on the number of warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal. (Dkt. 23, 24). This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal more than once, failed to comply with court orders without explanation, where defendants have expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). In this case, as in *Croton*, the undersigned has warned plaintiff multiple times in writing that dismissal in defendants' favor would be granted if she failed to file a response to the motion and to the order to show cause. (Dkt. 9, 10). *See also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013). And finally, given plaintiff's failure to file a response as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in

a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Here, taken together, the undersigned concludes that the above factors support dismissal for failure to prosecute and that the claims be dismissed with prejudice. Given the foregoing conclusions, the undersigned also recommends that the pending motion to dismiss (Dkt. 4) be terminated as moot.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion to dismiss (Dkt. 4) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 2, 2016

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on August 2, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Rhonda Denise Theus, 55671 Estates Lane, Macomb, MI 48042.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov